**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DINA SIYAM, *and all other similarly situated employees of SS&C*, et al.<br><br>Plaintiffs,<br><br>v.<br><br>SS&C TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No. 19-18535 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Dina Siyam's ("Plaintiff") Motion for Conditional Certification of a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b). (ECF No. 21.) Defendant SS&C Technologies, Inc. ("Defendant") opposed (ECF No. 26), and Plaintiff replied (ECF No. 31). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Plaintiff's Motion.

**I.     BACKGROUND**

Plaintiff's Second Amended Complaint ("SAC," ECF No. 15), brought individually and on behalf of all others similarly situated, consists of two causes of action against Defendant: (1) recovery of overtime wages under the New Jersey Wage and Hour Law, (*id.* ¶¶ 41–48); and (2) recovery of overtime compensation under the Fair Labor Standards Act ("FLSA"), (*id.* ¶¶ 49–55). Plaintiff and three other employees of Defendant ("Opt-in Plaintiffs") submit

declarations in addition to the allegations in the SAC. (*See generally* Siyam Decl., ECF No. 21-3; Cusenza Decl., ECF No. 21-4; Ragusa Decl., ECF No. 21-5; Tomb Decl., ECF No. 21-6.)

Plaintiff has been employed by Defendant as a full-time, non-exempt associate since 2018, though she alleges she was misclassified as exempt prior to January 2019. (SAC ¶ 11; Siyam Decl. ¶¶ 2, 7.) Plaintiff works in Defendant's Cranford, New Jersey office. (SAC ¶ 11; Siyam Decl. ¶ 5.) Plaintiff's job duties "are primarily data entry into accounting and financial programs," and entail "creat[ing] spreadsheets and other financial reports." (Siaym Decl. ¶¶ 2, 8.) In performing her duties, Plaintiff "do[es] not exercise any judgment. [She] simply input[s] data into a program and provide[s] the results . . . to Defendant's clients." (*Id.* ¶ 4.) Other associates in Defendant's New Jersey offices had similar duties as Plaintiff. (*Id.* ¶ 19; Cusenza Decl. ¶¶ 2, 8, 22; Ragusa Decl. ¶¶ 2, 8, 17; Tomb Decl. ¶¶ 2, 8, 21.)

Associates in Defendant's New Jersey offices work approximately forty-five to fifty hours per week, but once per quarter must work approximately fifty-five to sixty hours each week for three weeks. (Siyam Decl. ¶¶ 9–12; Cusenza Dec. ¶¶ 9–12; Ragusa Decl. ¶¶ 9–12; Tomb Decl. ¶¶ 9-12.) Associates were not paid overtime compensation for hours worked in excess of forty hours per week until January 2019. (Siyam Decl. ¶¶ 16–18, 21–22; Cusenza Dec. ¶¶ 16–19, 21, 23; Ragusa Decl. ¶¶ 14–16, 18–19, 21; Tomb Decl. ¶¶ 16, 18–20.) Fifty percent of the days from January 2019 through July 2019, associates were required to work through their one-hour lunch break; Defendant deducted one hour each day for a lunch break even if associates worked through their lunch break. (Siyam Decl. ¶¶ 13–14, 21, 23; Cusenza Decl. ¶¶ 13–14, 20–21, 24.)

Plaintiff initiated this action in New Jersey Superior Court on August 22, 2019. (Notice of Removal ¶ 1, ECF No. 1.) Defendant timely removed the action on September 30, 2019. (*See generally id.*) On December 3, 2019, Plaintiff filed the SAC and Opt-in Plaintiffs filed consents to join the action. (ECF Nos. 16–19.) On December 19, 2019, Plaintiff filed the instant Motion.

## II.     LEGAL STANDARD

"Section 16(b) of the FLSA . . . gives employees the right to bring a private cause of action on their own behalf and on behalf of 'other employees similarly situated' for specified violations of the FLSA. A suit brought on behalf of other employees is known as a 'collective action.'" *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013) (quoting 29 U.S.C. § 216(b)). A collective action allows individuals who are similarly situated to the named plaintiff to opt-in to the collective action by filing a written notice of consent with the Court. *See* 29 U.S.C. § 216(b).[1]

The Third Circuit established a two-step approach to certifying a FLSA collective action:

> In deciding whether a suit brought under § 216(b) may move forward as a collective action, courts typically employ a two-tiered analysis. During the initial phase, the court makes a preliminary determination whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff. If the plaintiff carries her burden at this threshold stage, the court will "conditionally certify" the collective action for the purposes of notice and pretrial discovery. . . .
>
> . . . .
>
> After discovery, and with the benefit of "a much thicker record than it had at the notice stage," a court following [the modest factual showing] approach then makes a conclusive determination as to whether each plaintiff who has opted into the collective action is in fact similarly situated to the named plaintiff. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008). "This second stage is less lenient, and the plaintiff bears a heavier burden." *Id.* Should the plaintiff satisfy her burden at this stage, the case may proceed to trial as a collective action.

*Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 192–93 (3d Cir. 2011), *rev'd on other grounds*, 569 U.S. 66 (2013).

---

[1] "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

3

At the first stage, a plaintiff must make a "modest factual showing" for conditional certification to be granted. *Id.* at 193. The Third Circuit has found this showing to require that "a plaintiff must produce some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Id.* (quoting *Smith v. Sovereign Bancorp, Inc.*, No. 03-2420, 2003 WL 22701017, at *3 (E.D. Pa. Nov. 13, 2003)). Furthermore, the Third Circuit has approvingly cited the Second Circuit's decision in *Myers*: "The Second Circuit has described this initial step as 'determin[ing] *whether* 'similarly situated' plaintiffs do in fact exist,' while at the second stage, the District Court determines 'whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs.'" *Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 536, n.4 (3d Cir. 2012) (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)).

### III.    DISCUSSION

#### A.    Plaintiff's Motion for Conditional Certification

Plaintiff alleges that Defendants had a "uniform policy, practice, and procedure of misclassifying [associates] and failing to compensate them properly at an overtime rate." (Pl.'s Moving Br. 5, ECF No. 21-1.) Plaintiff also alleges that Defendant had a "policy, practice, and procedure of improperly deducting sixty . . . minutes for lunch, even when an [a]ssociate did not take a lunch break." (*Id.* at 6.) Plaintiff seeks conditional certification of the following collective (the "Collective"): "Plaintiff and all other individuals who currently or formerly worked for SS&C Technologies, Inc. as Associates in New Jersey from December 19, 2016, through and including

July 2019, and did not receive overtime compensation for hours worked over [forty] in a work week."[2] (Pl.'s Proposed Order, Ex. G to Motion, ECF No. 21-9.)

Defendant argues, through declarations of its employees and supervisors of Plaintiff and the Opt-In Plaintiffs, that Plaintiff fails to demonstrate the existence of similarly situated associates in New Jersey. (*See generally* Def.'s Opp'n Br., ECF No. 26; Malde Decl., ECF No. 26-1; Weer Decl., ECF No. 26-2; Kirschenbaum Decl., ECF No. 26-3; Fullerton Decl., ECF No. 26-4; Patellaro Decl., ECF No. 26-5.) First, Defendant argues that Plaintiff relies upon hearsay from unnamed third parties, and Plaintiff and Opt-in Plaintiffs "fail to provide any factual basis for determining whether [other unnamed associates] are similarly situated to them." (Def.'s Opp'n Br. 17–19.) Second, Defendant argues that Plaintiff's job duties and hours differ from the Opt-in Plaintiffs as well as other associates in New Jersey. (*Id.* at 19–22; *see also* Malde Dec.. ¶¶ 13–14, 19; Weer Dec. ¶¶ 8–11, 13–14, 16; Kirschenbaum Decl. ¶¶ 8–11, 13.) Third, Defendant argues that Plaintiff fails to identify a common policy that affects the associates or violates the FLSA, relying instead on conclusory allegations. (Def.'s Opp'n Br. 22–27.)

Here, the Court finds that Plaintiff meets the modest factual showing[3] that Defendant had a practice that violated the FLSA and that a nexus exists between the manner in which the practice affected Plaintiff and the manner in which it affected other associates. Plaintiff and Opt-In Plaintiffs have submitted sufficient information to show they had similar responsibilities,

---

[2] This definition of the putative collective differs from Plaintiff's definition in parts of her brief. (*Compare* Pl.'s Proposed Order, *with* Pl.'s Moving Br. 2–3, *and* Pl.'s Moving Br. 12.) The Court does not find a material difference between these definitions that warrants denial of conditional certification and adopts the above definition of the collective.

[3] The Court need not consider the propriety of Plaintiff relying upon hearsay from unnamed third parties because—after omitting any hearsay—Plaintiff nevertheless meets the modest factual showing.

5

performed similar functions, and worked similar hours so that Defendant's practice similarly affected them and other associates in New Jersey.

Although Defendants identified differences among Plaintiff, Opt-in Plaintiffs, and other associates working in New Jersey, the Court finds that these arguments are premature for the preliminary determination at this stage. *See, e.g., Kassman v. KPMG LLP*, No. 11-03743, 2014 WL 3298884, at *6–8 (S.D.N.Y. July 8, 2014) (stating the "proper inquiry during conditional certification is whether the named plaintiffs and the other potential members of the proposed collective are similarly situated *with respect to their allegations that the law has been violated*," and arguments that the named plaintiff performed different job functions or worked at different locations "are more suited to a later, more demanding stage of the proceedings, such as a motion to decertify or for summary judgment" (internal quotation marks omitted)). Notably, this case is distinguishable from *Federman v. Bank of America, N.A.*, No. 14-441, 2016 WL 3090631 (D.N.J. May 31, 2016), relied upon by Defendant. In *Federman*, the plaintiffs sought to certify a nationwide collective but had "no evidence that the other employees [named in the collective were] similarly situated." *Federman*, 2016 WL 3090631, at *4. Here, the Court finds that Plaintiff and Opt-in Plaintiffs provide sufficient information to demonstrate they are similarly situated to those named in the more limited collective of associates employed by Defendant in New Jersey. Therefore, Plaintiffs' motion for conditional certification is granted.

**B.   Notice**

Plaintiff requests the Court authorize opt-in notice to be sent to members of the collective and provides a proposed form of notice. (Pl.'s Moving Br. 12; *see* Pl.'s Proposed Notice, Ex. E to Motion, ECF No. 21-7; Pl.'s Consent to Join Lawsuit Form, Ex. F to Motion, ECF No. 21-8.) Plaintiff also requests the Court "order Defendants to produce a computer-readable data file

6

containing the names, last known mailing addresses, last known telephone numbers, last known email addresses . . . , and work locations for all Collective Members." (Pl.'s Moving Br. 12.)

Defendant contests Plaintiff's request for approval of the notice and data request, arguing that the proposed notice does not accurately characterize the geographic scope of the Collective and fails to explain the details of a collective action or the consequences of opting in. (Def.'s Opp'n Br. 28–30.) Defendant also contests Plaintiff's data request and notice procedures. Defendant requests that if the Court conditionally certifies the Collective that the Court order the parties to meet and confer regarding a new proposed notice for the Court's approval. (*Id.* at 30.) On reply, Plaintiff contests some of Defendant's requests but agrees to meet and confer regarding the form of notice. (Pl.'s Reply Br. 10, ECF No. 31.)

Although nothing in the FLSA specifically authorizes district courts to order notice to potential opt-in plaintiffs, "by monitoring preparation and distribution of the notice, a court can ensure that the notice is timely, accurate, and informative, and can settle disputes about the notice's content before it is distributed." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 166 (1989). The Court orders the parties to meet and confer regarding (1) the proposed notice; (2) the notice procedures, such as the method of notice, whether there should be a reminder notice, and the notice period; and (3) Plaintiff's data request. The parties shall submit a joint proposed notice, notice procedures, and the data request to the Court for approval by August 28, 2020. To the extent the parties cannot agree, they should explain any disputes and propose alternative forms of notice, notice procedures, and data requests for the Court's approval.

## IV.  CONCLUSION

The Court grants Plaintiff's Motion for Conditional Certification. The Court orders the parties to meet and confer and submit a joint proposed notice and notice procedures to the Court.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**