### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DINA SIYAM, and all other similarly situated employees of SS&C,<br><br>Plaintiff,<br><br>v.<br><br>SS&C TECHNOLOGIES, INC.,<br><br>Defendant. | Civil No.: 3:19-cv-18535 (~~MAS~~) (DEA)<br><br>[~~PROPOSED~~] FINAL ORDER AND JUDGMENT APPROVING CLASS AND COLLECTION ACTION SETTLEMENT |

This matter having come before the Court on September 20, 2021 for a hearing pursuant to the Preliminary Approval Order[1] of this Court entered on June 7, 2021, upon Plaintiffs' unopposed motion for Final Approval of the Rule 23 Class and FLSA Collective Action Settlement set forth in the Settlement Stipulation filed with the Court on May 12, 2021 [ECF No. 67-3].

Before the Court is Plaintiffs' Motion for Final Approval of the Settlement as well as Plaintiffs' unopposed motion for attorneys' fees and costs and approval of Service Payments to Named Plaintiff and three Opt-In Plaintiffs.

The Court has received an affidavit attesting to the mailing of the Class Notice in accordance with the Preliminary Approval Order and to the mailing of the notices pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA").

The Court held a fairness hearing on September 20, 2021.

Due and adequate notice has been given to the Settlement Class as required in the Preliminary Approval Order, and the Court has considered all papers filed and proceedings in this case, including the Settlement Stipulation, the evidence and arguments of counsel presented at the Court's Final Fairness Hearing, and the submissions filed with this Court,

---

1

[1] All capitalized terms used in this Final Order and Judgment and not defined herein shall have the meanings assigned to them in the Settlement Stipulation.

**IT IS HEREBY ORDERED** and adjudged as follows:

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of the above-captioned class and collective action lawsuit (the "Lawsuit) as reflected in the terms of the Settlement Stipulation, except as modified herein, is hereby finally approved as a fair, reasonable and adequate settlement in light of the factual, legal, practical and procedural considerations raised by this Lawsuit. The Settlement Stipulation, except as otherwise modified herein, is hereby incorporated by reference into this Final Order and Judgment approving the Settlement, finally certifying, solely for settlement purposes, an FLSA Settlement Collective,[2] awarding Class Counsel attorneys' fees and costs, awarding Service Payments to Named Plaintiff and Opt-In Plaintiffs Devon Tomb, Philip Ragusa, and Caterina Cusenza, and dismissing the Lawsuit with prejudice as against Defendant ("Final Order").

## FINAL ORDER AND JUDGMENT

Named Plaintiff Dina Siyam ("Named Plaintiff") commenced the Lawsuit against Defendant SS&C Technologies, Inc. ("SS&C" or "Defendant") on August 22, 2019.

Named Plaintiff commenced this Lawsuit against Defendant pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b) and New Jersey Statutes §§ 34:11-56a4 *et seq.* to recover unpaid wages, liquidated damages, attorneys' fees and costs, interest, and other relief allegedly owed to Named Plaintiff and all similarly-situated persons employed by Defendant in the classification of Associate ("Plaintiffs").

Defendant denied any and all liability alleged in the Lawsuit.

---

2

[2] Specifically, the Court certifies, solely for settlement purposes, an FLSA collective comprised of all individuals who worked for SS&C as Associates in any New Jersey office at any time between August 22, 2016 and January 1, 2019. The Court has already certified, for settlement purposes only, a Rule 23 class comprised of all individuals who worked for SS&C as Associates in any New Jersey office at any time between August 22, 2016 and January 1, 2019 (*See* Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of the Proposed Class Action Settlement Stipulation, Approval of Plaintiffs' Proposed Notice of Class and Collective Action Settlement, and Proposal to Implement the Class Action Settlement Procedure (the "Preliminary Approval Order"), ECF No. 72, p. 2). For the avoidance of doubt, the Court reiterates herein why certification of a Rule 23 class for settlement purposes only is warranted.

Conditional certification pursuant to 29 U.S.C. § 216(b) was granted by Decision and Order dated July 28, 2020. [ECF No. 38]

Following extensive arms-length negotiations and discovery Plaintiffs and Defendant ("Parties") entered into a Settlement memorialized in the Settlement Stipulation which is subject to review under Fed. R. Civ. P. 23 ("Rule 23").

On May 12, 2021, Plaintiffs filed the Settlement Stipulation along with their Unopposed Motion for Preliminary Approval of the Proposed Class Action Settlement Stipulation, Approval of Plaintiffs' Proposed Notice of Class and Collective Action Settlement, and Proposal to Implement the Class Action Settlement Procedure. [ECF No. 67]

On June 7, 2021 upon consideration of the papers submitted by Plaintiffs in support of preliminary approval, the Court entered an Order of preliminary approval of the class action settlement, certifying the previously conditionally certified FLSA collective of all individuals who worked for SS&C as Associates in any New Jersey office at any time between August 22, 2016 and January 1, 2019 for settlement purposes only, certifying, for settlement purposes only, the Rule 23 class comprised of all individuals who worked for SS&C as Associates in any New Jersey office at any time between August 22, 2016 and January 1, 2019, and authorizing dissemination of a notice advising Class members of the terms of the Settlement Stipulation. [ECF No. 72]

On September 13, 2021, Plaintiffs filed their unopposed motion for final approval of the class and collective action settlement, final certification of an FLSA collective for settlement purposes only, for approval of attorneys' fees and costs and Service Payments to the Named Plaintiff and three Opt-In Plaintiffs, and for dismissal of the Lawsuit with prejudice as against Defendant.

On September 20, 2021 at 11:30 a.m., a fairness hearing was held pursuant to Rule 23 to

3

determine whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Plaintiffs now request final certification of the FLSA collective action pursuant to 29 U.S.C. § 216(b) ("FLSA Collective") for settlement purposes only, final approval of the proposed class action settlement, approval of attorneys' fees and costs and Service Payments to the Named Plaintiff and three Opt-In Plaintiffs, and dismissal of the Lawsuit with prejudice as against Defendant.

The Court has read and considered the Settlement Stipulation and papers submitted in support of final approval, and finds as follows:

1. This Court has jurisdiction over the subject matter of the Lawsuit and overall settling parties hereto, including all members of the Settlement Class.

## CERTIFICATION OF FLSA COLLECTIVE ACTION

2. The Court previously conditionally certified an FLSA Collective action of all individuals who worked for SS&C as Associates in any New Jersey office at any time between August 22, 2016 and January 1, 2019. In its Preliminary Approval Order, the Court certified the FLSA collective for settlement purposes.

3. Pursuant to 29 U.S.C. § 216(b), the Lawsuit is hereby finally certified as a collective action for settlement purposes only on behalf of all individuals who worked for SS&C as Associates in any New Jersey office at any time between August 22, 2016 and January 1, 2019.

4. For settlement purposes only, the Court finds that the FLSA Collective members are similarly situated in that they all worked for Defendant, were all subject to the same pay practices, and all seek the same relief, allegedly unpaid overtime compensation.

## CERTIFICATION OF THE SETTLEMENT CLASS

5. In its Preliminary Approval Order, the Court certified a Settlement Class, for settlement purposes only, under Federal Rule of Civil Procedure 23(b)(3).

4

6.    All of the requirements for class certification under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) are satisfied.

**APPROVAL OF THE SETTLEMENT STIPULATION**

7.    In its Preliminary Approval Order, the Court preliminarily approved the Settlement Stipulation. The Settlement Stipulation encompasses the creation of a common fund Gross Settlement Amount of $1,250,000 plus the Current Employee Tax Payments, which will be held in the Qualified Settlement Fund ("QSF") and will be used to compensate members of the Settlement Class for their claimed loss of wages and other damages, after payment of the Claims Administrator's Fees and Expenses, Current Employee Tax Payments and SS&C's share of payroll taxes for other Participating Class Member Final Settlement Payments, Attorneys' Fees and Costs, and Service Payments. The Court finds that the Settlement Stipulation is fair, reasonable, and adequate as to each member of the Settlement Class. The Settlement Stipulation is finally approved in all respects.

8.    The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Settlement is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strengths and weaknesses of the Plaintiffs' case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and, the limited amount of any potential total recovery for the class.

9.    The approved class action settlement notices were mailed to Class Members in conformity with this Court's preliminary approval order, satisfying the requirements of Rule 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise the Class Members of their rights.

10.    Defendant has complied fully with the CAFA notice provisions.

11.    The Class Members were given an opportunity to object to or opt-out of the

Settlement. No Class Members objected and only one person opted-out of the Settlement.

12. The Settlement Stipulation shall be deemed incorporated herein, and the proposed settlement is finally approved and shall be consummated in accordance with the terms thereof.

**AWARD OF ATTORNEYS' FEES AND LAWSUIT COSTS**

13. In its Preliminary Approval Order, the Court appointed, for settlement purposes only, Virginia & Ambinder, LLP and Jaffe Glenn Law Group, P.A. as Class Counsel. The Court confirms that appointment.

14. Class Counsel shall be awarded attorneys' fees and costs in the amount of $412,500.00, which the Court finds to be fair and reasonable.

15. These attorneys' fees and costs shall be paid from the QSF.

16. In making this award of attorneys' fees and costs, the Court has considered and found that:

   a) The Settlement achieved as a result of the efforts of Class Counsel has resulted in a common fund of $1.25 million plus the Current Employee Tax Payments to compensate members of the Settlement Class for their alleged loss of wages and other damages, after payment of the Claims Administrator's Fees and Expenses, Current Employee Tax Payments and SS&C's share of payroll taxes for other Participating Class Member Final Settlement Payments, Attorneys' Fees and Costs, and Service Payments;

   b) The Lawsuit involves complex factual and legal issues and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution;

   c) Had Class Counsel not achieved the Settlement, there would remain a significant risk that Plaintiff and the Settlement Class may recover less or nothing from Defendant;

   d) The amount of attorneys' fees and expenses awarded are consistent with awards in similar cases.

6

**SERVICE PAYMENTS**

17. In its Preliminary Approval Order, the Court preliminarily appointed Named Plaintiff Dina Siyam as Class Representative for the Settlement Class. The Court confirms that appointment.

18. For services rendered on behalf of the Lawsuit and Class, Named Plaintiff Dina Siyam shall be awarded $7,500.00. Opt-in Plaintiffs Devon Tomb and Philip Ragusa shall each be awarded $3,000.00; and Opt-in Plaintiff Caterina Cusenza shall receive $2,500.00. The Court finds that these amounts are reasonable. These amounts shall be paid from the QSF. These Service Payments are in addition to any settlement amounts that these individuals are eligible to receive pursuant to the Settlement as members of the Rule 23 Class and FLSA Collective.

**AWARD OF CLAIMS ADMINISTRATOR'S FEES AND COSTS**

19. The Court has reviewed the Declaration of Cornelia Vieira, the Project Manager of the Claims Administrator, Strategic Claims Services ("SCS"), dated September 7, 2021. The Court finds reasonable, and hereby approves, the actual fees and expenses that SCS has incurred thus far of $25,998.86. Should SCS incur additional fees and expenses, Plaintiffs shall request approval from the Court for distribution of additional funds from the QSF for such additional fees and expenses.

20. The Court orders that a final accounting of SCS's work, fees, and expenses be presented to the Court for final approval prior to the final distribution.

**CONCLUSION**

21. The Court orders that:

   a) The Settlement Class and FLSA Collective, as defined in this Order, are approved for settlement purposes only, under Federal Rule of Civil Procedure 23(b)(3) and 29 U.S.C. § 216(b).

b) The terms of the Settlement Stipulation are fair, reasonable and adequate and in the best interests of the Settlement Class, and are approved in all respects.

c) Dina Siyam is appointed the representative of the Settlement Class.

d) Virginia & Ambinder, LLP and Jaffe Glenn Law Group, P.A. are appointed Class Counsel to represent the Settlement Class under Fed. R. Civ. P. 23.

e) The Class Counsel's Attorneys' Fees and Lawsuit Costs Award is approved.

f) The Service Payments are approved.

g) The Claims Administrator's fees and expenses incurred thus far of $25,998.86 are approved and may be transmitted to SCS from the QSF.

h) The Court orders that a final accounting of SCS's work, fees, and expenses be presented to the Court for final approval prior to the final distribution.

i) The Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

j) The "Effective Date" shall be thirty-five (35) calendar days after the Court's entry of the Order if no party appeals this Order. If any party appeals or seeks other judicial review of this Order, the Settlement Effective Date shall be the date on which all such appeals (including, *inter alia*, petitions for rehearing or reargument, petitions for rehearing *en banc*, and petitions for *certiorari* or any other form of review) have been finally adjudicated and this Order can no longer be appealed or reviewed.

k) This Order shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

l) Without affecting the finality of this judgment, the Court retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Settlement, including the administration, interpretation, construction, effectuation, enforcement and consummation of the settlement and this order and overseeing the distribution of the QSF.

m) The Parties shall implement and abide by all terms of the Settlement Stipulation, which is incorporated herein. Without further order of the Court, however, the Parties may agree in writing to reasonable extensions of time to carry out the provisions of the Settlement Stipulation.

n) The Claims Administrator shall distribute the funds in the QSF in accordance with the terms of the Settlement Stipulation.

o) The settlement allocation and distribution as set forth in the Section 12 of, and Exhibit C to, the Settlement Stipulation is approved as fair and reasonable.

p) The Claims Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Settlement Class Member and shall follow the procedures outlined in the Settlement Stipulation with respect thereto.

q) Upon the Effective Date, this Lawsuit and all claims asserted in it, as well as all of the Released Claims, shall be dismissed with prejudice in its entirety, and all Class Members who have not excluded themselves from

the Settlement shall be permanently enjoined from pursuing and/or seeking to reopen claims that have been released pursuant to the Settlement Stipulation.

r) Upon the Effective date, all Participating Class Members shall release all Released Claims that accrue or accrued through the Preliminary Approval Date against the SS&C Released Parties, and the Participating Class Members and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually, as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Stipulation. Pursuant to the release contained in the Settlement Stipulation, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order as of the Effective Date.

s) Additionally, upon the Effective Date, any Class Member who accepts a Service Payment shall additionally release all Service Payment Recipient Released Claims that accrue or accrued through the Preliminary Approval Date.

t) Neither this Final Order and Judgment nor the Settlement Stipulation, or any and all negotiations, documents and discussions associated with them shall be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by Defendant, or the truth of any of the claims or allegations contained in the Complaint or any other pleading or document, and evidence thereof shall

not be discoverable, admissible or otherwise used directly or indirectly, in any way by any party, whether in this Lawsuit or in any other action or proceeding, nor shall the Settlement be used or referred to in any subsequent motion for class certification made by any party to this Lawsuit.

u) If this Court's approval of the Settlement Stipulation is overturned on appeal, the Parties' rights are governed by Section 16 of the Settlement Stipulation.

v) The Court hereby directs that this Final Order and Judgment be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b). The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of Plaintiffs and the Settlement Class in this Lawsuit, allows consummation of the Settlement, and will expedite the distribution of the Settlement proceeds to the members of the Settlement Class.

w) Upon entry of this Final Order and Judgment, all Participating Class Members, Plaintiffs and Defendant shall be bound by the terms of the Settlement Stipulation and by this Final Order and Judgment.

SO ORDERED THIS 20th DAY OF SEPTEMBER 2021.

_____
Hon. Douglas Alpert